**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LUIS MACIAS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WEXFORD HEALTH SERVICES, et al.,**<br><br>**Defendants.** | **Case No. 25-CV-00810-SPM** |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff Luis Macias' Renewed Motion for Appointment of Counsel (Doc. 37). Having been fully informed of the issues presented, this Court **GRANTS** the Motion for Appointment of Counsel (Doc. 37).

Under 28 U.S.C. § 1915(e)(1), the district court may request an attorney to represent any person who is unable to afford counsel. Seventh Circuit caselaw informs that, when confronted with a § 1915(e)(1) request for appointment of pro bono counsel, the district court is to make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 32122 (7th Cir. 1993)). "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v.*

*Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Pruitt*, 503 F.3d at 655). "These two considerations 'are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand,'" and, more specifically, "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or to the jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt*, 503 F.3d at 655). Assessing the plaintiff's competence must include consideration of litigation tasks including gathering evidence, preparing and responding to motions and court filings, and trial, as well as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history. *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). The Seventh Circuit does not favor categorical rules or presumptions for or against recruitment of counsel when evaluating the factual and legal difficulty of plaintiff's claims. *Eagan*, 987 F.3d at 682–83.

In denying Plaintiff's last request for Counsel, this Court found that Plaintiff had not shown that he had made reasonable attempts to find counsel because although he asserted that he had sent several letters to attorneys, he did not provide the dates he contacted attorneys or the receipts showing that he had actually mailed the letters that he submitted to the Court. (Doc. 23, pp. 15–16). In his renewed Motion, Plaintiff has included receipts showing that he mailed five letters to law firms and legal aid organizations asking them to represent him, as well as one letter from a legal aid organization who declined to represent him. (Doc. 37, pp. 4–15). Several

months have passed since Plaintiff mailed these letters. (*Id.*). This demonstrates that Plaintiff has made adequate attempts to recruit counsel on his own.

As to his ability to continue to litigate his case *pro se*, the Court finds that this case has become too difficult. Plaintiff's case is extraordinarily complex. Plaintiff brings claims related to two complicated medical issues—undiagnosed side pain that has been ongoing for years and an ongoing and escalating shoulder injury. (*See* Doc. 23). Claims related to both medical issues will require extensive consideration of medical records and will likely require expert testimony. Additionally, Plaintiff brings claims against Wexford for its practices related to his medical care, which will require discovery related to complicated staffing decisions. (*Id.*). This case would be complicated for any *pro se* litigant, but it is particularly challenging for Plaintiff because Spanish is his first language, and he has limited understanding of English. (Doc. 37). Plaintiff has litigated his case thus far with the assistance of a so-called "jailhouse lawyer," but that inmate has since been transferred to another facility. (*Id.*). Now that this case is in the merits discovery stage, Plaintiff's claims are sufficiently complicated to necessitate counsel. *See James v. Eli,* 889 F. 3d 320, 327 (7th Cir. 2018); *Eagan v. Dempsey,* No. 17-3184, 2021 WL 456002, at *9 (7th Cir. Feb. 9, 2021) (noting that "[c]ases involving complex medical issues also pose special issues"). The Motion for Recruitment of Counsel is therefore **GRANTED.** (Doc. 37).

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), Attorney Karoline B. Carstens of Simmons Hanly Conroy, One Court Street, Alton, Il 62002, is **ASSIGNED** to represent Plaintiff Macias in this civil rights case. On or

before **October 12, 2025**, assigned counsel shall enter her appearance in this case. Attorney Karoline B. Carstens is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 1, 23, 31, 35, and 43 to Attorney Karoline B. Carstens. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. Therefore, his Motion for Reconsideration is **DENIED** as moot. (Doc. 44). Counsel is free to renew this motion or file a motion for leave to amend the complaint if she finds such motions meritorious. Plaintiff is warned that if counsel is allowed to withdraw at his request there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures. Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. To access the guide, click on the "Attorney Information" tab at the top of

the Court's website and select the "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."

As of this date, Plaintiff's contact information is:

**LUIS MACIAS, Y32629**

**EAST MOLINE CORRECTIONAL CENTER**

**100 HILLCREST ROAD**

**EAST MOLINE, IL 61244**

## CONCLUSION

In light of the foregoing reasons, Plaintiff Luis Macias's Motion for Recruitment of Counsel (Doc. 37) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: September 28, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**